IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LEMUEL FRED HENTZ,

    Petitioner,

Civil No. 6:13-cv-00781-BR

OPINION AND ORDER

v.

JEFF PREMO,

    Respondent.

    LEMUEL FRED HENTZ
    SID #6750414
    Two Rivers Correctional Institution
    82911 Beach Access Road
    Umatilla, OR  97882-9419

    Petitioner *Pro Se*

    ELLEN F. ROSENBLUM
    Attorney General
    KRISTEN E. BOYD
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, OR  97301-4096

    Attorneys for Respondent

1 - OPINION AND ORDER -

BROWN, Judge.

Petitioner, an inmate at the Two Rivers Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Court DENIES the Petition for Writ of Habeas Corpus.

## BACKGROUND

On June 12, 1996, a Judgment of Conviction and Sentence was entered against Petitioner in Multnomah County Circuit Court after a jury found Petitioner guilty of charges of Unlawful Sexual Penetration in the First Degree (two counts) and Sexual Abuse in the First Degree (four counts). The trial judge sentenced Petitioner to a total of 394 months of imprisonment.

Petitioner filed a direct appeal. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. *State v. Hentz*, 152 Or. App. 403, 960 P.2d 394, *rev. denied*, 327 Or. 2, 961 P.2d 216 (1998).

Petitioner then sought state post-conviction relief ("PCR"). The PCR trial court denied relief. On appeal, the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. *Hentz v. Lampert*, 176 Or. App. 648, 32 P.3d 973 (2001), *rev. denied*, 333 Or. 567, 42 P.3d 1245 (2002).

On March 8, 2002, Petitioner filed a second direct appeal. He subsequently moved to dismiss the second direct appeal, which the Oregon Court of Appeals granted on March 29, 2002.

2 - OPINION AND ORDER -

On March 25, 2002, Petitioner filed a third direct appeal. Attached to the notice of appeal was a Multnomah County Circuit court's order denying Petitioner's Motion for Arrest of Judgment. The Oregon Court of Appeals dismissed the third direct appeal and issued an appellate judgment on March 13, 2003.

On September 3, 2004, Petitioner filed a Petition for Writ of Habeas Corpus in this Court in *Hentz v. Hill*, Case No. 6:04-cv-01253-AA. On August 22, 2005, District Judge Ann L. Aiken denied the Petition on the grounds that it was time-barred. Petitioner appealed, but on May 30, 2006, the Ninth Circuit Court of Appeals denied Petitioner's request for a certificate of appealability.

On April 23, 2010, Petitioner filed a second PCR petition in state court. The PCR trial court dismissed the second PCR petition as successive and time-barred. The Oregon Court of Appeals summarily affirmed the PCR trial court, and the Oregon Supreme Court denied review on April 25, 2013.

On May 8, 2013, Petitioner filed his Petition for Writ of Habeas Corpus in this action. Respondent argues the Petition must be dismissed because Petitioner failed to obtain authorization from the Ninth Circuit Court of Appeals before filing this second or successive Petition.[1]

---

[1] In his Answer to the Petition, Respondent also contends the Petition is time-barred and that Petitioner procedurally defaulted the claims alleged therein. Because this Court lacks jurisdiction over the Petition, Respondent's additional affirmative defenses are

3 - OPINION AND ORDER -

## DISCUSSION

Pursuant to 28 U.S.C. § 2244(b)(3)(A), before a second habeas petition raising new grounds may be filed in the District Court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In the absence of an order authorizing a successive petition, this Court is without jurisdiction to review such a petition on the merits. *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001).

Petitioner provides no proof he obtained an order from the Ninth Circuit Court of Appeals authorizing this Court to consider his successive habeas corpus application. Instead, Petitioner argues he is not required to obtain permission from the Ninth Circuit because the prior habeas action before Judge Aiken was "invalid, because the Attorney General's Office committed fraud upon the court." Petitioner's argument is without merit. Dismissal of a prior petition on timeliness grounds "renders subsequent petitions second or successive for purposes of [§ 2244(b)(3)(A)]." *McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009). Accordingly, the Petition for Writ of Habeas Corpus must be denied.

---

not addressed.

4 - OPINION AND ORDER -

## CONCLUSION

For these reasons, the Court DENIES the Petition for Writ of Habeas Corpus. The Court DENIES a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 2nd day of April, 2014.

                                            _____
                                            ANNA J. BROWN
                                            United States District Judge

5 - OPINION AND ORDER -